JAMES M. FARROW, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 143, 2010.
Supreme Court of Delaware.
Submitted: April 22, 2010.
Decided: June 2, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 2nd day of June 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, James M. Farrow, filed an appeal from the Superior Court's March 4, 2010 order denying his motion for credit time pursuant to Superior Court Criminal Rule 35. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) The record reflects that, on July 15, 2002, Farrow was indicted on charges of Robbery in the First Degree, Assault of a Senior, and Unlawful Imprisonment in the Second Degree. At that time, Farrow was serving a sentence in Maryland. On March 14, 2005, pursuant to the Interstate Agreement on Detainers,[2] Farrow was returned to Delaware from Maryland to face his Delaware charges.
(3) On June 10, 2005, he pleaded guilty to Robbery in the First Degree and was sentenced to 5 years at Level V, to be suspended following completion of his 2-year minimum mandatory sentence for 18 months of Level III probation.[3] The sentencing order reflects an effective date of June 10, 2005. The sentencing order also reflects that the time spent by Farrow in a Delaware prison prior to the entry of his guilty plea is to be credited against his Maryland sentence.
(4) Farrow was returned to Maryland on June 23, 2005 to serve out the remainder of his Maryland sentence. On September 8, 2009, after completing his Maryland sentence, Farrow was returned to Delaware to begin serving his 2-year sentence for Robbery in the First Degree.
(5) In his appeal, Farrow claims that he has not been given appropriate Level V credit against his Delaware sentence and that the Superior Court incorrectly decided that his Delaware sentence did not begin to run until he had finished serving his Maryland sentence.
(6) The Interstate Agreement on Detainers provides that, while a prisoner serving a sentence in another state is temporarily in Delaware answering to charges in this state, the time being served on the sending state's sentence continues to run.[4] Moreover, during such time, the prisoner is deemed to remain in the custody of and subject to the jurisdiction of the sending state.[5] As such, Farrow's Delaware sentence did not begin to run until he had completed his Maryland sentence. In addition, because the time spent in Delaware answering to charges in this state was credited against Farrow's Maryland sentence, he was not entitled to any additional credit against his Delaware sentence.[6] Thus, the Superior Court correctly denied Farrow's motion for credit time and the Superior Court's judgment must be affirmed.[7]
(7) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Del. Code Ann. tit. 11, §2544.
[3] Del. Code Ann. tit. 11, §832(a)(1).
[4] Del. Code Ann. tit. 11, §2544(f).
[5] Del. Code Ann. tit. 11, §2544(g).
[6] Frady v. State, Del. Supr., No. 269, 2008, Berger, J. (Sept. 16, 2008).
[7] To the extent that Farrow seeks to raise a claim of ineffective assistance of counsel in connection with the entry of his guilty plea, any such claim must be raised within the context of a Rule 61 motion for postconviction relief.